IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00209-RBJ

UNITED STATES OF AMERICA,
    Plaintiff,

v.

1.    DERRICK JAMAR FRYER,

    Defendant.

## ORDER on PRETRIAL MOTIONS

The Indictment charges the defendant of knowing and intentional (1) possession and distribution of methamphetamine; (2) possession and distribution of cocaine base; and (3) possession of ammunition by a prohibited person. Defendant through counsel has filed several pretrial motions, and the government has responded. The parties have waived a hearing and requested that the Court rule on the papers. The rulings follow.

1. Motion to Preserve Tapes and Notes, ECF No. 33 (response ECF No. 57): **Granted in part, denied in part.**

Granted as to paragraph 1. The Court is aware of the practice of many law enforcement officers to discard their notes of witness interviews once they have prepared a typewritten memo of the interview. The Court was not aware of any practice to discard recordings of witness interviews upon the preparation of a typewritten memo of the interview. In any event, this Court has never endorsed or supported that practice. Accordingly, to the extent that notes or recordings of witness interviews by law enforcement personnel still exist as of the date of this order, they must be preserved.

Denied as to paragraphs 2 and 3. As worded, these paragraphs are vague and overbroad and could be read to reach work product, irrelevant material, and even insignificant doodling.

2. Motion for Disclosure of Evidence Favorable to the Accused, ECF No. 34 (response ECF No. 58): **Moot.**

This motion is essentially a request that the Court order government counsel to comply with their obligations under *Brady* and *Giglio*. Government counsel responds that he is aware of those obligations and has complied with them. The Court has no reason to believe otherwise. If there is a specific dispute as to whether some document or item exists or whether it is covered by the obligations imposed by *Brady* or *Giglio,* and conferral between counsel does not resolve it, you may bring that dispute to the Court's attention.

3. Motion for Disclosure of 404(b) Information, ECF No. 35 (response ECF No. 59): **Granted in part, denied in part.**

The only dispute is whether this information should be produced 21 days or 45 days before trial. Trial is set for May 16, 2022. The Court orders that any information that the government wishes to admit under Rule 404(b) be fully disclosed to defense counsel no later than April 22, 2022.

4. Motion for Disclosure of Confidential Informant, ECF No. 36 (response ECF No. 60): **Denied.**

Under *Roviaro v. United States,* 353 U.S. 53 (1957) the government may withhold the identity of a confidential informant unless disclosure "is relevant and helpful to the defense of an accused" or is "essential to a fair determination of a cause." *Id.* at 59-60. For example, if the informant helped to set up the commission of a crime and was present at its occurrence, or if the government wishes to use a conversation between the defendant and the informant at trial, then

presumably disclosure of the identity of the informant at an appropriate time would be necessary. *See id.* at 61, 64. The Court must balance the public's interest in protecting the flow of information against the defendant's right to prepare a defense. *Id.* at 62. Frequently, concern for the safety of the informant once his or her identity is revealed is another factor to consider.

I have sometimes found useful the six factors listed by the Colorado Supreme Court as potentially relevant to the *Roviaro* inquiry: "(1) whether the informant was an eyewitness to the crime; (2) whether the informant is available, or, in the exercise of reasonable diligence, could be made available as a witness; (3) whether other witnesses are in a position to testify; (4) whether the informant's testimony is likely to vary significantly from the testimony of other available witnesses; (5) whether the defendant can find the identity of the informant on his own; and (6) whether the informant was deeply or peripherally involved in the criminal transaction. *People v. Villanueva,* 767 P.2d 1219, 1223 (Colo. 1989).

The motion states that "upon information and belief," the Indictment is based upon information derived in whole or in part from the informant, and "upon further information and belief," the Indictment is based in large part on the testimony of a confidential informant "who was a participant to the alleged criminal transaction." In its response the government states that the confidential informant was a "tipster." The government obtained a search warrant for what it calls the "Atchison Premises" based in large part by the informant's information. The government was unaware of and was not investigating Mr. Fryer at the time. However, during the search officers discovered narcotics, paraphernalia and information allegedly linking Mr. Fryer to those materials. As a result, he was indicted. The government states that the informant was not a participant in or a witness to the crime; that the informant provided no information about the defendant; and that the informant will not be called as a witness at trial. ECF No 60 at 3-4, 5-6.

In addition, I note that the defendant has not challenged the propriety of the magistrate judge's issuance of the search warrant. Overall, I find that the defendant has not provided a basis that arguably would require disclosure of the identity of this informant.

5. Motion for Disclosure of Impeachment Evidence Regarding Government Informants, ECF No. 37 (response ECF No. 60):  **Denied.**

This motion is based on the same conclusory statements about the informant(s) and the suspicion that "these informants will be the principal government witnesses against Defendant." ECF No. 37 at 2. For the reasons provided in denying ECF No. 36, this motion is denied as well.

6. Motion for Disclosure of *Giglio* Information, ECF No. 38 (response ECF No. 58): **Moot.**

See order above re ECF No. 34.

7. Motion for Disclosure of Existence and Substance of Immunity, Leniency or Preferential Treatment, ECF No. 39 (response ECF No. 60):  **Moot.**

Because the government represents that no informant will be a witness at trial, and the motion appears to relate to any immunity or leniency type offers that have been extended to the informant, this motion appears to be moot.

Dated this 15th day of April, 2022.

By the Court:

R. Brooke Jackson
Senior United States District Judge